# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNARD B. HILL, | CASE NO. 1:07-cv-01866-AWI DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| HAROLD TATE, et al., | |
| Defendants. | (Doc. 1) |
| | ORDER DISREGARDING MOTION FOR CLARIFICATION |
| | (Doc. 8) |
| | RESPONSE DUE WITHIN THIRTY DAYS |

## Screening Order

### I. Screening Requirement

Plaintiff Raynard B. Hill ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 20, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Summary of Plaintiff's Complaint

Plaintiff is currently housed at the California Substance Abuse Treatment Facility and State Prison in Corcoran. The events giving rise to the claims at issue in this action allegedly occurred at California Correctional Institute ("CCI") in Tehachapi, California. Plaintiff alleges a violation of the Eighth Amendment, the Fourteenth Amendment Equal Protection Clause, and alleges a state law claim for medical malpractice. Plaintiff names Chief Medical Officer Harold Tate, Dr. M. Winn, J. McConnell, P. Runyan, Dr. Schailk Afra, and Maryane Teel as defendants. Plaintiff seeks money damages and declaratory relief.

### A.     Eighth Amendment Medical Care Claim

Plaintiff alleges that he was transferred to CCI on September 8, 2006. Plaintiff states that he had a doctor's order for arthoroscopy [sic] on the right rotator cuff. Plaintiff alleges that he suffers shoulder pain. Plaintiff alleges that defendant Tate prescribed plaintiff with methocarbamol, which plaintiff contends is not effective for men. Plaintiff alleges that his cries for help and pain were ignored. Plaintiff also alleges that Dr. Tate discontinued plaintiff's prescription for Tylenol 3 despite knowledge of plaintiff's medical conditions.

Plaintiff alleges that defendant Afra prescribed plaintiff ibuprofen and methocarbomol, which

1  plaintiff contends are not medically effective treatments, and disregarded the toxicity and adverse
2  effects as stated in the manufacturers' reports.  Plaintiff also alleges that defendant Afra refused to
3  renew his pain medication despite knowing that plaintiff was in pain.
4      Plaintiff alleges that defendant Winn placed a doctor's request for service for plaintiff's
5  arthoroscopy but failed to follow up on the prescribed treatment.
6      Plaintiff alleges that defendant Runyan prescribed plaintiff with ibuprofen, which plaintiff
7  contends placed him in danger of toxicity and adverse effects, and that defendant Runyan ignored
8  his cries of pain.
9      Plaintiff alleges that defendant McConnell disregarded his cries of pain, and prescribed
10 plaintiff methocarbomol.
11     "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
12 must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096
13 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part
14 test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
15 demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
16 the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
17 deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059
18 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
19 Cir. 1997) (en banc) (internal quotations omitted)).
20     Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's
21 pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d
22 at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or
23 intentionally interfere with medical treatment, or it may be shown by the way in which prison
24 physicians provide medical care."  Id. (citing McGuckin at 1060 (internal quotations omitted)).
25 Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
26 further harm in order for the prisoner to make a claim of deliberate indifference to serious medical
27 needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
28 407 (9th Cir. 1985)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff has sufficiently alleged the existence of a serious medical need.  Further, plaintiff has alleged sufficient facts to allow him to proceed against Defendants Tate, Afra, Runyan and McConnell for violation of the Eighth Amendment.  Although Plaintiff's disagreement with these doctors regarding the treatment (e.g., medication) prescribed does not by itself give rise to an Eighth Amendment claim, Plaintiff also states that these defendants continually disregarded his cries of pain, and in some instances cancelled his prescription or refused to renew his pain medication.

However, Plaintiff's allegations do not give rise to a claim for relief against Defendant Winn. Defendant Winn placed a doctor's request for service for plaintiff's arthoroscopy.  Plaintiff's contention that defendant Winn failed to follow up on the request does not support an Eighth Amendment claim.  There is no support for a claim that Defendant Winn "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

Plaintiff will be provided with an opportunity to amend his complaint, if he so chooses.

**B.   Equal Protection Claim**

Plaintiff alleges a violation of the Equal Protection Clause by defendants Tate, Afra and McConnell.

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination

4

means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original). "Where the challenged governmental policy is 'facially neutral,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." Lee, 250 F.3d at 687 (citing Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (264-66) (1977) (internal citations omitted)). "The mere fact that [a] facially neutral polic[y] had a foreseeably disproportionate impact on an identifiable group does not mean that [it] violated the Equal Protection Clause." Id. at 687.

Assuming that Plaintiff is alleging differential treatment as compared to unincarcerated individuals, Plaintiff has not stated a cognizable claim for violation of the Fourteenth Amendment Equal Protection Clause. Plaintiff has not alleged that defendants intentionally or purposely discriminated against plaintiff because he is a member of a protected class. Plaintiff's allegation that CCI has a policy of issuing only ibuprofen for treatment of chronic pain also does not support a claim for violation of the Equal Protection Clause.

**C.     Supervisory Liability**

Plaintiff contends that defendants Tate and Teel have committed medical malpractice, in violation of the Eighth Amendment. Plaintiff is advised that medical negligence (malpractice) is a state law claim. Plaintiff's Eighth Amendment claims against defendant Tate has already been analyzed above.

Plaintiff's allegations against defendants Tate and Teel arise from roles as supervisors. Plaintiff alleges that as Health Care Manager, defendant Teel failed to observe, direct or supervise those under her command. Plaintiff alleges that the medical staff are under the direct supervision of Defendant Tate.

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendants Teel personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff fails to state a cognizable claim against defendant Teel.

However, Plaintiff has sufficiently alleged that defendant Tate personally participated in the alleged deprivation of his Eighth Amendment rights, as previously explained.

### III.  Plaintiff's Motion for Clarification

On March 6, 2008, plaintiff filed a motion inquiring about the necessity of filing a letter of intent with his civil complaint. (Doc. 8). A letter of intent is not required. Plaintiff's motion is disregarded.

### IV.  Conclusion and Order

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Tate, Afra, Runyan and McConnell, but fails to state a claim against Defendant Winn or Teel. Plaintiff also fails to state a cognizable claim for violation of the Fourteenth Amendment Equal Protection Clause. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Tate, Afra, Runyan and McConnell for violation of the Eighth Amendment, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and

Recommendations recommending that Defendants Winn and Teel be dismissed from this action, and will forward Plaintiff four summonses and four USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Tate, Afra, Runyan and McConnell on his Eighth Amendment medical care claim; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 30, 2008**            /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE