# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNARD B. HILL, | CASE NO. 1:07-cv-01866-AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| HAROLD TATE, et al., | (Doc. 1) |
| Defendants. | |

_____/

**Findings and Recommendations Following Screening of Complaint**

**I.      Procedural History**

Plaintiff Raynard B. Hill ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 20, 2007. On October 31, 2008, the Court issued an order finding that Plaintiff's complaint states claims under the Eighth Amendment against Defendants Tate, Afra, Runyan, and McConnell, but fails to state any other claims upon which relief may be granted. The Court ordered Plaintiff, within thirty days, to either file an amended complaint curing the deficiencies identified by the Court or notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the claims found to be cognizable. More than thirty days passed and Plaintiff did not comply with or otherwise respond to the Court's order. On January 7, 2009, the Court issued a Findings and Recommendations recommending that this action be dismissed for failure to obey a court order. On January 20, 2009, Plaintiff filed a motion for reconsideration of

1 the Court's Findings and Recommendations. (Doc. 12). By separate order, the Court has vacated
2 the Findings and Recommendations issued January 7, 2009.

3     Plaintiff has notified the Court that he does not wish to amend and is willing to proceed on
4 the claims found cognizable. Based on Plaintiff's notice, this Findings and Recommendations now
5 issues.

## II.    Screening Requirement

7     The Court is required to screen complaints brought by prisoners seeking relief against a
8 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
9 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
10 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
11 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
12 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
13 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
14 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

15     "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
16 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
17 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
18 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
19 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
20 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
21 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
22 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
23 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
24 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.    Summary of Plaintiff's Complaint

26     Plaintiff is currently housed at the California Substance Abuse Treatment Facility and State
27 Prison in Corcoran. The events giving rise to the claims at issue in this action allegedly occurred at
28 California Correctional Institute ("CCI") in Tehachapi, California. Plaintiff alleges a violation of

the Eighth Amendment, the Fourteenth Amendment Equal Protection Clause, and alleges a state law claim for medical malpractice. Plaintiff names Chief Medical Officer Harold Tate, Dr. M. Winn, J. McConnell, P. Runyan, Dr. Schailk Afra, and Maryane Teel as defendants. Plaintiff seeks money damages and declaratory relief.

### A. Eighth Amendment Medical Care Claim

Plaintiff alleges that he was transferred to CCI on September 8, 2006. Plaintiff states that he had a doctor's order for arthoroscopy [sic] on the right rotator cuff. Plaintiff alleges that he suffers shoulder pain. Plaintiff alleges that defendant Tate prescribed plaintiff with methocarbomol, which plaintiff contends is not effective for men. Plaintiff alleges that his cries for help and pain were ignored. Plaintiff also alleges that Dr. Tate discontinued plaintiff's prescription for Tylenol 3 despite knowledge of plaintiff's medical conditions.

Plaintiff alleges that defendant Afra prescribed plaintiff ibuprofen and methocarbomol, which plaintiff contends are not medically effective treatments, and disregarded the toxicity and adverse effects as stated in the manufacturers' reports. Plaintiff also alleges that defendant Afra refused to renew his pain medication despite knowing that plaintiff was in pain.

Plaintiff alleges that defendant Winn placed a doctor's request for service for plaintiff's arthoroscopy but failed to follow up on the prescribed treatment.

Plaintiff alleges that defendant Runyan prescribed plaintiff with ibuprofen, which plaintiff contends placed him in danger of toxicity and adverse effects, and that defendant Runyan ignored his cries of pain.

Plaintiff alleges that defendant McConnell disregarded his cries of pain, and prescribed plaintiff methocarbomol.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff has sufficiently alleged the existence of a serious medical need. Further, plaintiff has alleged sufficient facts to allow him to proceed against Defendants Tate, Afra, Runyan and McConnell for violation of the Eighth Amendment. Although Plaintiff's disagreement with these doctors regarding the treatment (e.g., medication) prescribed does not by itself give rise to an Eighth Amendment claim, Plaintiff also states that these defendants continually disregarded his cries of pain, and in some instances cancelled his prescription or refused to renew his pain medication.

However, Plaintiff's allegations do not give rise to a claim for relief against Defendant Winn. Defendant Winn placed a doctor's request for service for plaintiff's arthoroscopy. Plaintiff's contention that defendant Winn failed to follow up on the request does not support an Eighth Amendment claim. There is no support for a claim that Defendant Winn "[knew] of and

disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

### B. Equal Protection Claim

Plaintiff alleges a violation of the Equal Protection Clause by defendants Tate, Afra and McConnell.

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original). "Where the challenged governmental policy is 'facially neutral,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." Lee, 250 F.3d at 687 (citing Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (264-66) (1977) (internal citations omitted)). "The mere fact that [a] facially neutral polic[y] had a foreseeably disproportionate impact on an identifiable group does not mean that [it] violated the Equal Protection Clause." Id. at 687.

Assuming that Plaintiff is alleging differential treatment as compared to unincarcerated individuals, Plaintiff has not stated a cognizable claim for violation of the Fourteenth Amendment Equal Protection Clause. Plaintiff has not alleged that defendants intentionally or purposely discriminated against plaintiff because he is a member of a protected class. Plaintiff's allegation that CCI has a policy of issuing only ibuprofen for treatment of chronic pain also does not support a claim for violation of the Equal Protection Clause.

### C. Supervisory Liability

Plaintiff contends that defendants Tate and Teel have committed medical malpractice, in

violation of the Eighth Amendment. Plaintiff is advised that medical negligence (malpractice) is a state law claim. Plaintiff's Eighth Amendment claims against defendant Tate has already been analyzed above.

Plaintiff's allegations against defendants Tate and Teel arise from roles as supervisors. Plaintiff alleges that as Health Care Manager, defendant Teel failed to observe, direct or supervise those under her command. Plaintiff alleges that the medical staff are under the direct supervision of Defendant Tate.

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendants Teel personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff fails to state a cognizable claim against defendant Teel.

However, Plaintiff has sufficiently alleged that defendant Tate personally participated in the alleged deprivation of his Eighth Amendment rights, as previously explained.

///
///
///

IV.     **Conclusion and Recommendation**

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Tate, Afra, Runyan and McConnell, but fails to state a claim against Defendant Winn or Teel. Plaintiff also fails to state a cognizable claim for violation of the Fourteenth Amendment Equal Protection Clause. Plaintiff was provided with the opportunity to either amend or proceed only on his cognizable claims, and has opted to proceed on the cognizable claims. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed December 20, 2007, against Defendants Tate, Afra, Runyan and McConnell for violation of the Eighth Amendment;

2. Plaintiff's equal protection claim be dismissed for failure to state a claim; and

3. Defendants Winn and Teel be dismissed based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


     IT IS SO ORDERED.

     Dated:   **February 24, 2009**            **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE