1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  RAYNARD B. HILL,                         CASE NO. 1:07-cv-01866-AWI DLB PC

10              Plaintiff,                  ORDER DISMISSING ACTION FOR FAILURE
                                            TO PROSECUTE, AND DIRECTING CLERK OF
11     v.                                   THE COURT TO ENTER JUDGMENT

12  HAROLD TATE, et al.,

13              Defendants.
    _____/

14

15          Plaintiff Raynard B. Hill, proceeding pro se and in forma pauperis, filed this civil rights

16  action on December 20, 2007, pursuant to 42 U.S.C. § 1983.  On July 31, 2009, a court order was

17  returned by the United States Postal service as undeliverable.

18          Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep

19  the court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in

20  pertinent part:

21          If mail directed to a plaintiff in propria persona by the Clerk is
            returned by the U.S. Postal Service, and if such plaintiff fails to notify
22          the Court and opposing parties within sixty (60) days thereafter of a
            current address, the Court may dismiss the action without prejudice
23          for failure to prosecute.

24          In the instant case, sixty days have passed since Plaintiff's mail was returned and Plaintiff

25  has not notified the Court of a current address.[1]

26  _____

27          [1] Counsel for defendant Hill has also filed a declaration stating that defendant's motion to dismiss, served
    on Plaintiff at his listed address for service on July 27, 2009, was returned as undeliverable on August 12, 2009.
28  (Doc. 29.)

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Accordingly, this action is HEREBY DISMISSED based on Plaintiff's failure to prosecute, and the Clerk of the Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:    October 16, 2009              /s/ Anthony W. Ishii**
                                CHIEF UNITED STATES DISTRICT JUDGE